STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
September 29, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOANNE MONTGOMERY,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0539** (BOR Appeal No. 2047806)
                        (Claim No. 2009074250)

**H & R BLOCK,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Joanne Montgomery, by Jonathan C. Bowman, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. H & R Block, by Patricia E. McEnteer, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 23, 2013, in which the Board affirmed an October 5, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 22, 2011, decision which granted Ms. Montgomery an 11% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Montgomery, a tax preparer, injured her left shoulder and right knee in the course of her employment on January 2, 2009, when she tripped and fell. Her claim was held compensable for fracture of the humerus and contusion of the right knee. Ms. Montgomery testified in a deposition on May 19, 2010, that she experiences aching and burning in her right knee at night but has virtually no symptoms during the day. She has diabetic neuropathy in her feet but it does not extend into her knees. She stated that she did not experience symptoms or receive treatment for her right knee until September of 2009.

1

Ms. Montgomery underwent four independent medical evaluations in order to determine the amount of permanent impairment she sustained as a result of her compensable injuries. The first independent medical evaluation was performed by Michael Rytel, M.D., in February of 2010. He diagnosed right knee chondrosis of the patella but he opined that the work-related injury was merely a right knee contusion. Her current symptoms were found to be the result of the normal degenerative process rather than the work-related injury. She was not at maximum medical improvement at that time.

Jon Tucker, M.D., performed two separate independent medical evaluations. On June 8, 2010, he diagnosed three part malunited fracture of the left proximal humerus. He found that Ms. Montgomery had reached maximum medical improvement and assessed 11% whole person impairment for the left shoulder injury. On August 18, 2011, Dr. Tucker evaluated Ms. Montgomery's right knee and opined that there was no evidence of any residual contusion. There was patellofemoral condrosis/chondromalacia and evidence of a posterior horn medial meniscus tear, but he stated that the compensable diagnosis of right knee contusion does not include any internal derangement. Accordingly, Ms. Montgomery was only rated for the right knee contusion, and Dr. Tucker assessed 0% whole person impairment.

Bruce Guberman, M.D., performed an independent medical evaluation on January 6, 2011, in which he diagnosed status post fracture of the left humerus with persistent range of motion abnormalities in the left shoulder and chronic post-traumatic strain of the right knee with a probable medial meniscal tear and persistent range of motion abnormalities. Ms. Montgomery had reached maximum medical improvement and he assessed 10% impairment for the left shoulder. He also assessed 4% impairment for the right knee injury. Notably, his assessment was based upon non-compensable right knee conditions.

The claims administrator granted Ms. Montgomery an 11% permanent partial disability award on September 22, 2011. The Office of Judges affirmed the decision in its October 5, 2012, Order. It found that the only compensable knee condition in the claim is a contusion and that further treatment for the right knee was denied by the claims administrator and the decision was affirmed by the Office of Judges. Ms. Montgomery's testimony indicated that her knee pain did not begin until approximately September of 2009. Also, she had a history of right knee pain as was seen in treatment notes by Victor Perrone, M.D., in 2004 and 2008. The Office of Judges found that while Ms. Montgomery does have some pathology in her knee, it is degenerative in nature and therefore not compensable. For the left shoulder, the Office of Judges found that the reports of Drs. Guberman and Tucker were of equal evidentiary weight and Ms. Montgomery was therefore entitled to an 11% permanent partial disability award.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its April 23, 2013, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The evidentiary record indicates that Ms. Montgomery is entitled to an 11% permanent partial disability award for her work-related injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   September 29, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II